## GRUBBS *v.* COLTER.

1. ATTACHMENT. *Personal service.* In this case an attachment was issued and levied, and afterwards a subpœna to answer was issued and served upon defendant. *Held,* that the service of the subpœna did not alter the status of the case, or make the subpœna the leading writ. The fact that it became practicable to give personal notice did not deprive the complainant of his remedies by attachment.

2. PLEADING. *Residence of party.* It is sufficient, under the Code, to state the residence of the parties in the caption of the bill.

Code cited: Sec. 4313.

### FROM HAYWOOD.

Appeal from the Chancery Court.    H. J. LIVINGTON, Chancellor,

LEWIS BOND for complainant.

A. D. BRIGHT for defendant.

DEADERICK, J., delivered the opinion of the court.

This is an attachment bill filed in the Chancery Court at Brownsville.

After the attachment was issued and levied, a subpœna to answer was issued and served upon defendant. This does not alter the status of the case, or make the subpœna to answer the leading writ. The fact that it became practicable to give personal notice, does not deprive the complainant of his remedies provided by statute. The bill was dismissed upon defendant's demurrer, and complainant has appealed to this court.

Grubbs *v.* Colter.

The grounds of demurrer are:

1. Because complainant has an unembarrassed remedy at law.

2. Because it is not alleged in the bill that defendant is a non-resident of the State.

3. No allegation in it that shows the Chancery Court has jurisdiction of the case.

The bill, after the address, gives the names of the parties complainant and their residence, and then the name of the defendant, and his residence as being "Lee county, Arkansas," and proceeds to allege that "the defendant, a citizen of the State of Arkansas, is justly indebted to them in the sum of $425.52, due by promissory note," which is exhibited with the bill.

We think it is sufficiently alleged that defendant is a non-resident of the State in the statement of his residence in Arkansas, and that this non-residence gives the Chancery Court jurisdiction.

It is not essential that such allegation should be made in the charging part or body of the bill, but it is sufficient if it follows the address as prescribed in sec. 4313 of the Code. That section directs that the address of the bill should be followed by the names and residences of the parties.

We think the Chancellor erred in sustaining the demurrer and dismissing the bill.

Reverse the decree and remand the cause.